IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    1:19-MJ-843 (DJS) |
| | ) | |
| **v.** | ) | Stipulation and Order |
| | ) | for Enlargement of Time |
| **JACOB DELANEY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATION

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, JACOB DELANEY, by and through counsel, Scott W. Iseman, Esq., hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of the order to February 18, 2020 and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1) The chronology of this case is as follows:

   a) Date of complaint:  December 12, 2019

   b) Date of initial appearance:  December 12, 2019

   c) Defendant custody status: Released on Conditions

   d) Date United States moved for detention:  December 12, 2019

   e) Date of detention hearing:  December 13, 2019

   f) Date detention decision issued:  December 13, 2019

g) There have been no enlargements of time and exclusions under the Speedy Trial Act to date.

2) The United States and the defendant request this exclusion based on the following facts and circumstances: The government intends to provide initial, pre-indictment discovery to defense counsel, but given the timing of when the arrest occurred needs additional time to prepare the materials from the execution of the search warrant and day of arrest. In addition, because this case involves electronic devices, additional time is needed to complete the full forensic examination of devices seized from the defendant's residence. The defense will then need to time to review the materials and discuss those with the defendant. The additional time is also necessary to allow the parties to discuss a potential resolution in this matter, which may avoid the unnecessary use of time of the grand jury, and if those negotiations fail, time to prepare for indictment taking into account the exercise of due diligence.

3) The parties stipulate and agree that the ends of justice served by granting this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial because the delay in the filing of an indictment was caused because the arrest occurred at a time such that it is unreasonable to expect return and filing of an indictment within the period specified in section 3161(b), taking into account the exercise of due diligence (see 18 U.S.C. § 3161(h)(7)(B)(iii)).

4) The parties stipulate and agree that the time period from the date of this stipulation, to and including February 18, 2020, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iii).

//

//

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: December 20, 2019			GRANT C. JAQUITH
						United States Attorney

				By:	*s/ Alicia G. Suarez*
						Alicia G. Suarez
						Assistant United States Attorney
						Bar Roll No. 700218

						_____
						Scott W. Iseman, Esq., Esq.
						Attorney for JACOB DELANEY
						Bar Roll No.

**ORDER**

A.   The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

   1.   The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because the government needs additional time to provide pre-indictment discovery to the defense and additional forensic analysis is yet to be completed on electronic devices given the timing of the arrest in this matter. The additional time will also allow the parties to attempt to resolve this matter short of indictment, potentially avoiding the unnecessary use of the grand jury. Finally, this delay is necessary in order to allow the United States reasonable time following the arrest of the defendant for effective preparation for the return and filing of an indictment, taking into account the exercise of due diligence.

   BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this __23rd_____ day of December, 2019.

_____
Daniel J. Stewart
U.S. Magistrate Judge