IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:19 -MJ-843 (DJS) |
| | ) | |
| v. | ) | **STIPULATION AND ORDER** |
| | ) | **FOR CONTINUANCE** |
| **JACOB DELANEY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, JACOB DELANEY, by and through counsel, Scott W. Iseman, Esq., hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of the order that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1) The chronology of this case is as follows:

   a) Date of complaint: December 12, 2019

   b) Date of initial appearance: December 12, 2019

   c) Defendant custody status: Released on Conditions

   d) Date United States moved for detention: December 12, 2019

   e) Date of detention hearing: December 13, 2019

   f) Date detention decision issued: December 13, 2019

   g) Earlier enlargements of time and exclusions under the Speedy Trial Act:

      i) Order dated December 23, 2019 excluding the period between December 23, 2019 and February 21, 2020.

    ii)  Order dated February 25, 2020 excluding the period between February 25, 2020 and April 25, 2020.

2) JACOB DELANEY has requested the additional continuance based on the COVID-19 pandemic and to allow for additional time for forensic analysis of electronic devices to be completed and then reviewed by the defense in order to decide whether to attempt resolve this matter short of indictment:

3) The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy indictment and trial because the continuance is necessary for the following reasons:

### COVID-19 Pandemic

4) On March 13, 2020, the Court issued General Order No. 58, In Re: Coronavirus Public Emergency continuing criminal (grand and petit) jury selections and jury trials scheduled to commence through April 30, 2020 because of (a) the New York Governor's declaration of a public-health emergency in response to the spread of COVID-19, and (b) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. Pandemic, like natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance. *See United States v. Correa*, 182 F.Supp.2d 326, 329 (S.D.N.Y. 2001) (applying this requirement after the September 11, 2001 attacks and noting that "there is authority for granting [discretionary interests-of-justice exclusions] in the case of public emergency caused by a natural catastrophe"). Moreover, due to the restrictions imposed by current public-health concerns [--particularly given the complexity of this case--], denial of a continuance is likely to deny government counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(7)(B)(iv). Furthermore, grand jury

preparation necessarily involves close contact with witnesses, and close contact between assembled grand jurors, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of grand jurors, government counsel, agents and other lay witnesses. In addition to concerns for the health of current and prospective grand jurors and the ability of the Court to obtain--and maintain--an adequate number of grand jurors as well as the lack of an opportunity for government counsel to prepare effectively, an ends-of-justice delay is particularly appropriate here because:

      a)      The defense is still determining whether to resolve this matter short of indictment, but in order to do so needs to review evidence in person with the government given its alleged content, which is inconsistent with current guidelines regarding social distancing. The government recently received initial forensic reports for some of the defendant's devices and need additional time to be able to share that with the defense so that the defense can review and make a determination as to how to proceed. Should this case proceed to indictment, then all of the risks stated above would apply.

4)      For all of these reasons, an exclusion under 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv) is appropriate.

## Reasons Unrelated to the COVID-19 Pandemic

5)      The requested continuance allows for the reasonable time necessary for defense counsel to review materials as well as to confer with the government and potentially negotiate a resolution short of indictment. While the government has received initial forensic results as to some of the defendant's devices, investigators are attempting to process another device which may contain additional evidence. Defense counsel will need additional time to review the existing forensic

results as well as forensic results that are not yet completed in order to then confer with the government and potentially negotiate a resolution short of indictment.

6) The parties stipulate and agree that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because the defense requires reasonable time to receive and evaluate discovery materials, including forensic results, to conduct its own investigation and to explore plea discussions, taking into account the exercise of due diligence. In addition, as it relates to the completion of forensic analyses of the defendant's devices and the defense's review of such evidence once it is received and assessment of the case, the arrest occurred at a time such that it is unreasonable to expect return and filing of the indictment within the specified period. *See* 18 U.S.C. § 3161(h)(7)(B)(iii).

7) The parties stipulate and agree that a period of 60 days beginning on and including the date on which the Court signs the requested order shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(iv) and (h)(7)(B)(iii).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: April 24, 2020

GRANT C. JAQUITH
United States Attorney

By: *s/ Alicia G. Suarez*

Alicia G. Suarez
Assistant United States Attorney
Bar Roll No. 700218

Scott W. Iseman, Esq.
Attorney for JACOB DELANEY
Bar Roll No. 518859

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:19 -MJ-843 (DJS) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JACOB DELANEY** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

ORDER

A.  The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

B.  The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that pursuant to 18 U.S.C. §§ 3161(b) and (h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy indictment and trial because:

1.  This delay is necessary for the reasons articulated in General Order No. 58, In Re: Coronavirus Public Emergency; denial would be likely to deny the United States reasonable time necessary for effective preparation for the return and filing of an indictment, taking into account the exercise of due diligence, 18 U.S.C. 3161(h)(7)(B)(iv); grand jury and trial preparation involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of either or both of counsel and the witnesses; additional time is necessary for defense counsel to review results of forensic examinations of the defendant's devices in person in order to determine whether to resolve this matter short of indictment, which is contrary to social distancing guidelines; forensic examinations of all devices

have not yet been completed given the timing of the arrest in this case and therefore the defense will need additional time to receive and evaluate those forensic results, to conduct its own investigation and to explore plea discussions, taking into account the exercise of due diligence, making the return of an indictment in the specified time unreasonable, *see* 18 U.S.C. § 3161(h)(7)(B)(iii).

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS IT IS HEREBY ORDERED:

2. That the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including 60 days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because of the reasons articulated in General Order No. 58, In Re: Coronavirus Public Emergency; denial would be likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. § 3161(B)(iv); the presentation of this matter to the grand jury involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of grand jurors, prosecutors, agents, and other lay witnesses; additional time is necessary for defense counsel to review results of forensic examinations of the defendant's devices in person in order to determine whether to resolve this matter short of indictment, which is contrary to social distancing guidelines; forensic examinations of all devices have not yet been completed given the timing of the arrest in this case and therefore the defense will need additional time to receive and evaluate those forensic results, to conduct its own investigation and to explore plea discussions, taking into account the exercise of due

diligence, making the return of an indictment in the specified time unreasonable, *see* 18 U.S.C. § 3161(h)(7)(B)(iii).

IT IS SO ORDERED.

Dated and entered this __27th__ day of April, 2020.

                                              Hon. Daniel J. Stewart
                                              United States Magistrate Judge