IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:19 -MJ-843 (DJS) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JACOB DELANEY** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

ORDER

A.    The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

B.    The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights.  The Court finds that pursuant to 18 U.S.C. §§ 3161(b) and (h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy indictment and trial because:

1.    This delay is necessary for the reasons articulated in General Order No. 58, In Re: Coronavirus Public Emergency; denial would be likely to deny the United States reasonable time necessary for effective preparation for the return and filing of an indictment, taking into account the exercise of due diligence, 18 U.S.C. 3161(h)(7)(B)(iv); grand jury and trial preparation involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of either or both of counsel and the witnesses; additional time is necessary for defense counsel to review results of forensic examinations of the defendant's devices in person in order to determine whether to resolve this matter short of indictment, which is contrary to social distancing guidelines; defense counsel requires additional

time to review additional discovery including the forensic results and search warrant affidavit in order to determine whether to resolve this matter short of indictment, as well as to conduct its own investigation and to explore plea discussions, taking into account the exercise of due diligence, *see* 18 U.S.C. 3161(h)(7)(B)(iv).

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS IT IS HEREBY ORDERED:

2. That the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including 60 days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because of the reasons articulated in General Order No. 58, In Re: Coronavirus Public Emergency; denial would be likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. § 3161(B)(iv); the presentation of this matter to the grand jury involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of grand jurors, prosecutors, agents, and other lay witnesses; additional time is necessary for defense counsel to review results of forensic examinations of the defendant's devices in person in order to determine whether to resolve this matter short of indictment, which is contrary to social distancing guidelines; additional time is necessary for defense counsel to review results of forensic examinations of the defendant's devices in person in order to determine whether to resolve this matter short of indictment, which is contrary to social distancing guidelines; defense counsel requires additional time to review additional discovery including the forensic results and search warrant affidavit in order to determine whether

to resolve this matter short of indictment, as well as to conduct its own investigation and to explore plea discussions, taking into account the exercise of due diligence, *see* 18 U.S.C. 3161(h)(7)(B)(iv).

IT IS SO ORDERED.

Dated and entered this _____ day of June, 2020.

                                                    Hon. Daniel J. Stewart
                                                    United States Magistrate Judge