IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:19 -MJ-843 (DJS) |
| | ) | |
| **v.** | ) | **STIPULATION AND ORDER** |
| | ) | **FOR CONTINUANCE** |
| **JACOB DELANEY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, JACOB DELANEY, by and through counsel, Scott W. Iseman, Esq., hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of the order that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1) The chronology of this case is as follows:

   a) Date of complaint:  December 12, 2019

   b) Date of initial appearance:  December 12, 2019

   c) Defendant custody status: Released on Conditions

   d) Date United States moved for detention:  December 12, 2019

   e) Date of detention hearing:  December 13, 2019

   f) Date detention decision issued:  December 13, 2019

   g) Earlier enlargements of time and exclusions under the Speedy Trial Act:

   i) Order dated December 23, 2019 excluding the period between December 23, 2019 and February 21, 2020.

    ii)  Order dated February 25, 2020 excluding the period between February 25, 2020 and April 25, 2020; and

    iii)  Order dated April 27, 2020 excluding the period between April 27, 2020 and June 26, 2020

2) JACOB DELANEY has requested the additional continuance based on the COVID-19 pandemic and to allow for additional time for defense counsel to review the results of the forensic analysis of electronic devices and the search warrant affidavit in this case and to then decide whether to attempt resolve this matter short of indictment:

3) The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy indictment and trial because the continuance is necessary for the following reasons:

## **COVID-19 Pandemic**

4) On March 13, 2020, the Court issued General Order No. 58, In Re: Coronavirus Public Emergency, revised on April 29, May 13 and June 12, continuing criminal (grand and petit) jury selections and jury trials scheduled to commence through August 10, 2020 because of (a) the New York Governor's declaration of a public-health emergency in response to the spread of COVID-19, and (b) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. Pandemic, like natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance. *See United States v. Correa*, 182 F.Supp.2d 326, 329 (S.D.N.Y. 2001) (applying this requirement after the September 11, 2001 attacks and noting that "there is authority for granting [discretionary interests-of-justice exclusions] in the case of public emergency caused by a natural catastrophe"). Moreover, due to the restrictions imposed by current public-health concerns, denial of a

continuance is likely to deny government counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(7)(B)(iv). Furthermore, grand jury preparation necessarily involves close contact with witnesses, and close contact between assembled grand jurors, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of grand jurors, government counsel, agents and other lay witnesses. In addition to concerns for the health of current and prospective grand jurors and the ability of the Court to obtain--and maintain--an adequate number of grand jurors as well as the lack of an opportunity for government counsel to prepare effectively, an ends-of-justice delay is particularly appropriate here because:

    a)    The defense is determining whether to resolve this matter short of indictment, but in order to do so needs to review evidence in person with the government given its alleged content, which is inconsistent with current guidelines regarding social distancing, and recently received files. Should this case proceed to indictment, then all of the risks stated above regarding grand jury practice, which has just recently started in the district on a very limited basis, would apply.

4)    For all of these reasons, an exclusion under 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv) is appropriate.

## Reasons Unrelated to the COVID-19 Pandemic

5)    The requested continuance allows for the reasonable time necessary for defense counsel to review addition informal discovery, including results of the forensic analysis of the defendant's devices, that has been provided to defense counsel since the prior stipulation, as well as to review the results in person and to review the search warrant affidavit which the government will be providing shortly. Defense counsel, in consultation with the defendant, can then determine whether to resolve this matter short of indictment.

6) The parties stipulate and agree that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because the defense requires reasonable time to receive and evaluate additional discovery materials, including forensic results, and to conduct its own investigation and to explore plea discussions, taking into account the exercise of due diligence.

7) The parties stipulate and agree that a period of 60 days beginning on and including the date on which the Court signs the requested order shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: <u>June 30, 2020</u>                           GRANT C. JAQUITH
                                                     United States Attorney


                                        By:     <u>s/ Alicia G. Suarez</u>
                                                Alicia G. Suarez
                                                Assistant United States Attorney
                                                Bar Roll No. 700218


                                                _____
                                                Scott W. Iseman, Esq.
                                                Attorney for JACOB DELANEY
                                                Bar Roll No. 518859

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:19 -MJ-843 (DJS) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JACOB DELANEY** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

ORDER

A.      The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

B.      The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that pursuant to 18 U.S.C. §§ 3161(b) and (h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy indictment and trial because:

1.      This delay is necessary for the reasons articulated in General Order No. 58, In Re: Coronavirus Public Emergency; denial would be likely to deny the United States reasonable time necessary for effective preparation for the return and filing of an indictment, taking into account the exercise of due diligence, 18 U.S.C. 3161(h)(7)(B)(iv); grand jury and trial preparation involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of either or both of counsel and the witnesses; additional time is necessary for defense counsel to review results of forensic examinations of the defendant's devices in person in order to determine whether to resolve this matter short of indictment, which is contrary to social distancing guidelines; defense counsel requires additional

time to review additional discovery including the forensic results and search warrant affidavit in order to determine whether to resolve this matter short of indictment, as well as to conduct its own investigation and to explore plea discussions, taking into account the exercise of due diligence, *see* 18 U.S.C. 3161(h)(7)(B)(iv).

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS IT IS HEREBY ORDERED:

2.  That the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including 60 days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because of the reasons articulated in General Order No. 58, In Re: Coronavirus Public Emergency; denial would be likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. § 3161(B)(iv); the presentation of this matter to the grand jury involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of grand jurors, prosecutors, agents, and other lay witnesses; additional time is necessary for defense counsel to review results of forensic examinations of the defendant's devices in person in order to determine whether to resolve this matter short of indictment, which is contrary to social distancing guidelines; additional time is necessary for defense counsel to review results of forensic examinations of the defendant's devices in person in order to determine whether to resolve this matter short of indictment, which is contrary to social distancing guidelines; defense counsel requires additional time to review additional discovery including the forensic results and search warrant affidavit in order to determine whether

to resolve this matter short of indictment, as well as to conduct its own investigation and to explore plea discussions, taking into account the exercise of due diligence, *see* 18 U.S.C. 3161(h)(7)(B)(iv).

IT IS SO ORDERED.

Dated and entered this ___7th___ day of June, 2020.

Hon. Daniel J. Stewart
United States Magistrate Judge