IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    1:19 -MJ-843 (DJS) |
| | ) | |
| **v.** | ) | **STIPULATION AND ORDER** |
| | ) | **FOR CONTINUANCE** |
| **JACOB DELANEY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, JACOB DELANEY, by and through counsel, Scott W. Iseman, Esq., hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including thirty (30) days from the date of the order that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1)     The chronology of this case is as follows:

   a)     Date of complaint:  December 12, 2019

   b)     Date of initial appearance:  December 12, 2019

   c)     Defendant custody status: Released on Conditions

   d)     Date United States moved for detention:  December 12, 2019

   e)     Date of detention hearing:  December 13, 2019

   f)     Date detention decision issued:  December 13, 2019

   g)     Earlier enlargements of time and exclusions under the Speedy Trial Act:

      i)     Order dated December 23, 2019 excluding the period between December 23, 2019 and February 21, 2020.

ii)     Order dated February 25, 2020 excluding the period between February 25, 2020 and April 25, 2020

iii)    Order dated April 27, 2020 excluding the period between April 27, 2020 and June 26, 2020

iv)    Order dated July 7, 2020 excluding the period between July 7, 2020 and September 5, 2020

2)     JACOB DELANEY has requested the additional continuance based on the COVID-19 pandemic and to allow for additional time for defense counsel to discuss his review the results of the forensic analysis of electronic devices with the defendant and to continue to conduct his own investigation and decide whether to attempt resolve this matter short of indictment:

3)     The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy indictment and trial because the continuance is necessary for the following reasons:

**<u>COVID-19 Pandemic</u>**

4)     On March 13, 2020, the Court issued General Order No. 58, In Re: Coronavirus Public Emergency, revised on April 29, May 13 and June 12, continuing criminal (grand and petit) jury selections and jury trials scheduled to commence through August 10, 2020. On August 6, 2020, the order was revised to allow for the continuance of criminal (grand and petit) jury selections and jury trials scheduled to commence through October 12, 2020, unless otherwise directed by the presiding judge based on case-by-case exceptions. The order was entered and revised because of (a) the New York Governor's declaration of a public-health emergency in response to the spread of COVID-19, and (b)  the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease.  Pandemic, like natural disaster or

other emergency, grants this Court the discretion to order an ends-of-justice continuance. *See United States v. Correa*, 182 F.Supp.2d 326, 329 (S.D.N.Y. 2001) (applying this requirement after the September 11, 2001 attacks and noting that "there is authority for granting [discretionary interests-of-justice exclusions] in the case of public emergency caused by a natural catastrophe"). Moreover, due to the restrictions imposed by current public-health concerns, denial of a continuance is likely to deny government counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(7)(B)(iv). Furthermore, grand jury preparation necessarily involves close contact with witnesses, and close contact between assembled grand jurors, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of grand jurors, government counsel, agents and other lay witnesses.

5)      For all of these reasons, an exclusion under 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv) is appropriate.

### Reasons Unrelated to the COVID-19 Pandemic

6)      Defense counsel reviewed the forensic evidence from electronic devices in the government's office on August 20, 2020. Defense counsel requires additional time to discuss the evidence with the defendant, to continue to conduct his own investigation and to continue to decide whether to attempt to resolve this matter short of indictment. If negotiations are not successful, defense counsel would require additional time to research motions and prepare for trial taking into account the exercised of due diligence and the government would require additional time to secure a grand jury in order present for indictment given the current COVID-19 conditions.

7)      The parties stipulate and agree that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and

trial because the defense requires reasonable time to evaluate additional discovery materials, including forensic results, and to conduct its own investigation and to explore plea discussions, and if those fail to research motions and prepare for trial taking into account the exercise of due diligence.

8)      The parties stipulate and agree that a period of 30 days beginning on and including  the date on which the Court signs the requested order shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.


Dated: <u>September 7, 2020</u>                         GRANT C. JAQUITH
                                                        United States Attorney


                                        By:      *s/ Alicia G. Suarez*
                                                 Alicia G. Suarez
                                                 Assistant United States Attorney
                                                 Bar Roll No. 700218


                                                 *s/ Scott W. Iseman*
                                                 Scott W. Iseman, Esq.
                                                 Attorney for JACOB DELANEY
                                                 Bar Roll No.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    1:19 -MJ-843 (DJS) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JACOB DELANEY** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

ORDER

A.    The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

B.    The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether a continuance serves the ends of justice  in a manner that outweighs both the public interest and the defendant's rights.  The Court finds that pursuant to 18 U.S.C. §§ 3161(b) and (h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy indictment and trial because:

1.    This delay is necessary for the reasons articulated in General Order No. 58, In Re: Coronavirus Public Emergency; denial would be likely to deny the United States reasonable time necessary for effective preparation for the return and filing of an indictment, taking into account the exercise of due diligence, 18 U.S.C. 3161(h)(7)(B)(iv); grand jury and trial preparation involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of either or both of counsel and the witnesses; additional time is necessary for defense counsel to discuss recently reviewed the evidence with the defendant, to continue to conduct his own investigation and to continue to decide whether to attempt to resolve this matter short of indictment, and if negotiations are not successful, defense

counsel would require additional time to research motions and prepare for trial taking into account the exercised of due diligence and the government would require additional time to secure a grand jury in order present for indictment given the current COVID-19 conditions, *see* 18 U.S.C. 3161(h)(7)(B)(iv).

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS IT IS HEREBY ORDERED:

A.      That the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including 30 days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because of the reasons articulated in General Order No. 58, In Re: Coronavirus Public Emergency; denial would be likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. § 3161(B)(iv); the  presentation of this matter to the grand jury involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of grand jurors, prosecutors, agents, and other lay witnesses; additional time is necessary for defense counsel to discuss recently reviewed the evidence with the defendant, to continue to conduct his own investigation and to continue to decide whether to attempt to resolve this matter short of indictment, and if negotiations are not successful, defense counsel would require additional time to research motions and prepare for trial taking into account the exercised of due diligence and the government would require additional time to secure a grand jury in order present for indictment given the current COVID-19 conditions, *see* 18 U.S.C. 3161(h)(7)(B)(iv).

IT IS SO ORDERED.

Dated and entered this ____9th____ day of September, 2020.

Hon. Daniel J. Stewart
United States Magistrate Judge